UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES M. ROGERS,

    Plaintiff,

v.

MICHAEL TOBY, ISABEL
CHAPMAN, LEANNE OKAR,
and HOME DEPOT,

    Defendants.

Case No. 4:21-cv-12412
District Judge Stephanie Dawkins Davis
Magistrate Judge Kimberly G. Altman

_____/

## REPORT AND RECOMMENDATION RECOMMENDING DISMISSAL FOR FAILURE TO PROSCUTE

I.    Introduction

This is an employment discrimination case. Plaintiff James Rogers, proceeding *pro se*, filed a complaint naming Michael Toby, Isabel Chapman, Leanne Okar, and Home Depot as defendants. As will be explained, Rogers has taken no action since the filing of the complaint to effect service on Defendants. Accordingly, the undersigned RECOMMENDS that the case be DISMISSED for failure to prosecute under Fed. R. Civ. P. 41(b) and E.D. Mich. LR 41.2.

1

II.   Background

On October 8, 2021, Rogers filed his complaint. (ECF No. 1). On February 3, 2022, the Court entered an Order granting Rogers' application to proceed without payment of the filing fee and directing the U.S. Marshal to serve the summons and complaint on defendants. (ECF No. 5) ("Initial Order"). The Initial Order states that "[i]f the completed summons and USM-285 forms are not submitted as directed, the complaint may be dismissed." (*Id*., PageID.19).

Also on February 3, 2022, the Court entered an Order Directing Plaintiff to Complete Service Documents and For Service of Process by the U.S. Marshal. (ECF No. 6) ("Service Order"). The Service Order directs how Rogers must proceed in order to serve the complaint, explaining in relevant part:

> … Plaintiff complete and present to the Clerk's Office the following documents to effect service in this case within fourteen (14) days of the date of this Notice:
> • One (1) copy of the complaint for each defendant;
> • Two (2) USM 285 forms for each defendant;
> • Three (3) summonses for each defendant.
> …
> … Plaintiff file with the Court a signed U.S. Postal Service Certified Mail receipt – green card (PS Form 3811) after service is completed, to show proof of service of process.

(*Id*., PageID.21). Pretrial matters were then referred to the undersigned. (ECF No. 7).

As of April 25, 2022, which is well-beyond the 14 days provided in the Service Order, Rogers had not submitted copies of the complaint, the USM 285

forms, or summonses. Accordingly, the undersigned issued an Order to Show Cause directing Rogers to show cause in writing on or before May 6, 2022, as to why this Court should not dismiss the complaint for failure to prosecute under Federal Rule of Civil Procedure 41(b). (ECF No. 8) ("Show Cause Order"). The Show Cause Order warned Rogers that a "**Failure to timely respond may result in a recommendation that the complaint be dismissed against all of the defendants.**" (*Id*., PageID.24) (emphasis in original).

The May 6, 2022 deadline has since passed. The docket reflects that Rogers did not comply with the Service Order, did not respond to the Show Cause Order, and has otherwise not submitted copies of the complaint, the USM 285 forms, or summonses in order to serve Defendants.

### III. Analysis

Federal Rule of Civil Procedure 41(b) grants federal courts the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court. . . ." Fed R. Civ. P. 41(b). Local Rule 41.2 mirrors the federal rule, providing that if "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown." E.D. Mich. R. 41.2.

Dismissal for failure to prosecute is "available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.' " *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.' " *Anthony v. Marion Co. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631 (1962)).

The Sixth Circuit has established four factors in determining whether a case should be dismissed for want of prosecution under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Saulsberry v. Holloway*, 622 F. App'x 542, 545 (6th Cir. 2015) (quotation omitted). "Although typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363.

Applying these factors here, the first weighs in favor of dismissal. As noted above, over three months have elapsed since Rogers was directed to complete

4

service documents so the Marshals could serve the complaint. Rogers did not comply with the Service Order, failed to respond to the Show Cause Order, and has otherwise not explained why he has not completed the service documents.

As to the second factor, prejudice to Defendants, it is doubtful that Defendants know this case exists. Thus, it is difficult to say that Defendants would be prejudiced. At best, this factor is neutral.

As to the third factor, Rogers was specifically warned in the Initial Order and the Show Cause Order that a failure to comply or respond may result in dismissal. Thus, this factor supports dismissal.

The final factor is whether a lesser sanction would suffice. The undersigned suggests there is not. Courts have dismissed cases for failure to prosecute when a plaintiff has failed to serve process. *See, e.g., Devlin v. Comm'r of Soc. Sec.*, No. 08-13064, 2009 WL 3199017, at *1–2 (E.D. Mich. 2009) (dismissing case for failure to prosecute due to the plaintiff's failure to serve the Commissioner); *see also See Reese v. Bolm*, No. 2:20-cv-4, 2021 WL 822334, at *1 (W.D. Mich. Feb. 9, 2021) ("More than 14 days have elapsed and Plaintiff has not submitted the requisite copies or offered any reason why he is unable to do so. Because Plaintiff has failed to comply with the rules of the Court and the Court's order, the Court will issue a judgment dismissing the case without prejudice for lack of prosecution."); *Europacific Asset Mgmt. Corp. v. Tradescape, Corp.*, 233 F.R.D.

344, 351 (S.D. N.Y. 2005) ("It is unquestioned that an 'unreasonable' delay in serving process can constitute a failure to prosecute." (collecting cases)); 9 Wright & Miller, Fed. Prac. & Proc. Civ. § 2370 (3d ed., 2018 update) ("The plaintiff's failure to exercise diligence in serving a defendant with process after suit has been filed has been held to justify dismissal for want of prosecution.").

Overall, dismissal for failure to prosecute is warranted.

## IV.   Conclusion

For the reasons stated above, the undersigned RECOMMENDS that the case be DISMISSED for failure to prosecute.


Dated: May 19, 2022           s/Kimberly G. Altman
Detroit, Michigan             KIMBERLY G. ALTMAN
                              United States Magistrate Judge


## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 20, 2022.

                                                                s/Carolyn Ciesla
                                                                CAROLYN CIESLA
                                                                Case Manager